PEOPLE *ex rel.* SCIFORD *v.* MACLEAN *et al.*, Police Commissioners.

*(Supreme Court, General Term, First Department.    October 24, 1890.)*

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN.

Relator was dismissed from the police force for failing to arrest a man who committed a fatal assault upon a woman in his presence.    The fatal blow was given suddenly, and without a word of warning, and relator immediately attempted to arrest the murderer, but was caught by the arm by the dying woman, and swung partly round, and while freeing himself from her grasp the murderer temporarily escaped.    *Held*, that the dismissal would be set aside, and relator restored.

*Certiorari* to review dismissal of relator, Chester S. Sciford, from the police force of the city of New York.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Louis J. Grant*, for relator.    *John J. Delany*, for respondent.

VAN BRUNT, P. J.    The relator was charged with neglect of duty in failing to arrest a man who committed an assault upon a girl in his presence, which resulted in her death.    We find no evidence whatever to sustain the dismissal of the relator in this case.    It is true that he did not succeed in arresting the murderer as it was his duty to do; but the whole of the evidence shows that the blow was given suddenly, unexpectedly, and without a word of warning, and that the relator immediately attempted to arrest the murderer, but was caught by the arm by the dying woman, and swung partly round, and while freeing himself from her grasp the murderer got out of the door, and temporarily escaped.    We cannot see in this evidence proof of neglect of duty.    The relator had been but a short time upon the force, and had not had consequently that experience which older members of the force have acquired; and, if he did not succeed as well in the performance of his duty as some more experienced man might have done, such want of success affords no ground of dismissal.    If he did the best he could under the circumstances, that is all that could be expected, as there was nothing to show absolute incapacity.    The proceedings should be reversed, and the relator restored, with costs.    All concur.